UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JAMES ALLEN KINNEY,<br><br>                Plaintiff,<br><br>   v.<br><br>GRAYS HARBOR COUNTY SUPERIOR COURT, et al.,<br><br>                Defendant. | CASE NO. 3:24-cv-05396-JHC-BAT<br><br>**REPORT AND RECOMMENDATION** |

       Plaintiff is a state prisoner who has filed a proposed 42 U.S.C. § 1983 complaint (Dkt. 4-1), a motion to proceed *in forma pauperis* ("IFP") (Dkt. 4), a proposed motion to accept amended application to proceed *in forma pauperis* (Dkt. 4-2), a proposed motion to enter bill of particulars with show cause evidence (Dkt. 4-3), and a proposed motion for a change of venue (Dkt. 4-4). The Court concludes Plaintiff has incurred at least three "strikes" under 28 U.S.C. § 1915(g) and has failed to show he is under imminent danger of serious physical injury. Accordingly, the Court recommends that Plaintiff's application to proceed IFP, Dkt. 4, be denied, and that Plaintiff be directed to pay the filing fee within 14 days of the order adopting this Report and Recommendation. The Court further recommends this matter be dismissed without prejudice, and all other pending proposed motions (Dkts. 4-2, 4-3, 4-4) be stricken as moot, if Plaintiff fails to pay the filing fee.

REPORT AND RECOMMENDATION - 1

BACKGROUND

Plaintiff, a prisoner confined at the Stafford Creek Corrections Center (SCCC), filed a proposed complaint and IFP application alleging claims against Grays Harbor County Superior Court and Julie Wade, "GH Legal Self-Help Center/Director and Court Facilitator." Dkt. 4-1 at 3. While somewhat unclear, Plaintiff appears to allege Defendants violated his rights of access to courts and to petition the government by failing to properly file, or impeding his ability to file, a civil action in Grays Harbor County Superior Court. *Id.* at 4-9, Dkt. 4-3 at 1-3.

Plaintiff alleges he has attempted to file a civil action in Grays Harbor County Superior Court. *Id.* He alleges in November 2023 he sent a letter to the Grays Harbor County Superior Court and received a reply from Ms. Wade at the GH Legal Self-Help Center informing him of the filing fee for a civil action. *Id.* He indicates in December 2023 he sent various documents to Ms. Wade including a "bill of particulars sworn affidavit, motion and declaration for waiver of civil fees and surcharges, declaration with attached certified copy of my current income from prison …., *in forma pauperis* motion and affidavit, motion for non-oral argument hearing and subpoena duces tecum." *Id.* He indicates in January 2024 he received correspondence back from Ms. Wade indicating that they had only received a subpoena from Plaintiff and that Plaintiff needed to file a complaint and summons. *Id.* Plaintiff contends he had already submitted a summons and complaint in December 2023. *Id.* Plaintiff indicates he sent another "packet" of documents to the Court in February 2024 but did not receive any response. *Id.*

Plaintiff indicates in March 2024 he sent a letter inquiring if Ms. Wade had received his most recent packet of documents. *Id.* Plaintiff indicates he subsequently received additional correspondence from Ms. Wade, in April 2024, indicating that they are a self-help center that deals with non-complex cases, and they were not able to assist plaintiff with the type of civil

REPORT AND RECOMMENDATION - 2

action he was attempting to file. *Id.* He indicates the correspondence also contained a note from another individual, Katherine L. Svoboda (perhaps a Court Clerk), indicating that his documents were being returned because they were incomplete and there was no complaint. *Id.* Plaintiff indicates he did not receive any documents back. *Id.* Plaintiff also submits a document which he represents to be an "affidavit" that is unsigned and from an unidentified individual stating that the individual overheard Ms. Svoboda tell Ms. Wade that they do not take cases against the Department of Corrections (DOC) because they don't "bite the hand that feeds us." *Id.*

The basis for the state court lawsuit Plaintiff indicates he is attempting to file appears to be that on June 11, 2023, he was injured when he was transported incorrectly in his wheelchair by over-worked and incorrectly trained corrections officers. Dkt. 4-1 at 11-12; Dkt. 4-3 at 1-3. He alleges a local hospital mixed up x-ray records and almost sent him to another medical center for surgery that would have had "ill effects" and caused "mental incapacities" to Plaintiff. *Id.* He alleges he received "improper care and treatment" for a blood clot from Grays Harbor Community Hospital and Harborview Medical Center. *Id.* He indicates he was air lifted to Tacoma General Hospital on January 5, 2024, where the neurologist indicated Harborview Medical Center had missed the blood clot in his brain. *Id.* He alleges Tacoma General Hospital indicated it was too dangerous to operate and that they would try to stabilize the clot with blood thinners – he indicates that this treatment is ongoing. *Id.* He alleges he is "trying to sue to get much needed operations done[.]" *Id.*

It appears that, in the state court action, Plaintiff is attempting to allege negligence and medical malpractice against the State of Washington, hospitals that serve the State of Washington, and officials of the State of Washington, including DOC officials. Dkt. 4-1 at 5, 11. He also alleges generally that the State Attorney General has attempted to manipulate medical

and legal services and given threats of reprisal to state employees, non-state employees, Plaintiff and his wife to impede his ability to pursue this action. *Id.*

## DISCUSSION

Pursuant to the Prison Litigation Reform Act ("PLRA"), "prisoners who have repeatedly brought unsuccessful suits may entirely be barred from IFP status under the three-strikes rule." *Andrews v. Cervantes*, 493 F.3d 1047, 1051–52 (9th Cir. 2007). The "three-strikes rule" contained in the PLRA states:

> [i]n no event shall a prisoner bring a civil action under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

The Court's records show Plaintiff has filed several prior lawsuits. Three of those prior matters, which were filed while Plaintiff was incarcerated, have been dismissed as frivolous or for failure to state a claim upon which relief may be granted. The Court finds the following prior dismissals constitute "strikes" pursuant to Section 1915(g):

- *Kinney v. Roth*, No. C12-697-JCC, Dkts. 19, 23 (case dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim);
- *Kinney v. Setter*, No. C13-2100-, Dkts. 10, 14 (case dismissed as either barred by *Heck v. Humphrey*, 512 U.S. 477 (1994) or as barred by the statute of limitations; court found the dismissal counted as a strike under Section 1915(g));
- *Kinney v. State of Washington*, No. C15-5354-BHS, Dkts. 11, 13 (case dismissed for failure to state a claim).

REPORT AND RECOMMENDATION - 4

Because he has incurred three "strikes," Plaintiff is barred from proceeding IFP unless he shows he was "under imminent danger of serious physical injury," at the time he signed his civil rights complaint. *See* 28 U.S.C. § 1915(g).

Plaintiff fails to make the required showing. Plaintiff's complaint appears to allege he has had difficulty filing his civil action alleging negligence and medical malpractice in Grays Harbor County Superior Court and makes conclusory assertions that he believes there has been intentional interference by various officials to prevent him from filing his state court action. *Id.* Although Plaintiff indicates part of the purpose of his state court lawsuit is to "get much needed operations done" he does not allege he is in "imminent danger" and elsewhere indicates he is being treated with blood thinners and that his doctors had indicated surgery was not appropriate at the time. Dkt. 4-3 at 2. These allegations fall short of the required showing of imminent danger of serious physical injury.[1]

Plaintiff is therefore ineligible to file this lawsuit in federal court without paying $405.00 ($350.00 filing fee plus $55.00 administrative fee). *See* 28 U.S.C. § 1915(g).

## CONCLUSION

The Court recommends Plaintiff's IFP application (Dkt. 4) be **DENIED** based on the three-strikes rule of 28 U.S.C. § 1915(g). The Court further recommends Plaintiff be required, within 14 days of issuance of the order adopting this Report and Recommendation, to pay the $405.00 filing fee in order to proceed with his complaint, and that this case be dismissed without

---

[1] The Court also notes that it appears Plaintiff did, in fact, successfully commence an action in Grays Harbor County Superior Court in March 2024, naming various State of Washington and DOC officials, as well as medical personnel at Grays Harbor Community Hospital and Harborview Medical Center. *See Kinney v. Lombardi, et al.*, No. 24-2-00141-14 https://odysseyportal.courts.wa.gov/ODYPORTAL/Home/WorkspaceMode?p=0 (last visited June 11, 2024). While the Court cannot be certain this is the same state court action Plaintiff references in this action, the timing of the filing and the defendants named appear to line up with the description of the case Plaintiff provides in this complaint.

REPORT AND RECOMMENDATION - 5

prejudice, and all other pending proposed motions (Dkts. 4-2, 4-3, 4-4) be stricken as moot, if he fails to do so. A proposed order accompanies this Report and Recommendation.

This Report and Recommendation is not an appealable order. Therefore, a notice of appeal seeking review in the Court of Appeals for the Ninth Circuit should not be filed until the assigned District Judge enters a judgment in the case.

Objections, however, may be filed and served upon all parties no later than **June 26, 2024.** The Clerk should note the matter for **June 28, 2024**, as ready for the District Judge's consideration if no objection is filed. If objections are filed, any response is due within 14 days after being served with the objections. A party filing an objection must note the matter for the Court's consideration 14 days from the date the objection is filed and served. The matter will then be ready for the Court's consideration on the date the response is due. The failure to timely object may affect the right to appeal.

DATED this 12th day of June, 2024.

BRIAN A. TSUCHIDA
United States Magistrate Judge